[No. 10,243.]

## THE PEOPLE *v.* WILLIAM LEITH, SENIOR, AND JOHN THAYER.

CONSPIRACY TO KILL. —If B and C have had a quarrel with A, and A approaches B and C, and B commands him to halt or he will shoot him, and C then shoots A, the circumstances do not necessarily import a common criminal intent between B and C to kill A, so as to make B guilty.

APPEAL from the District Court, Twenty-first Judicial District, County of Lassen.

The defendants, William Leith, Senior, and John Thayer, were jointly indicted for the crime of murder by killing Robert C. Hayden, on the 19th day of May, 1876. Leith was tried separately. He and Thayer were in a ditch about which there was some difficulty, when Hayden approached. Leith and Thayer both fired. Hayden was killed. Thayer was the co-defendant referred to in the opinion of the Court. The defendant was convicted of murder in the second degree, and appealed.

The other facts are stated in the opinion.

*E. V. Spencer*, for the Appellant.

*Jo Hamilton*, Attorney-General, for the People.

By the COURT:

There was evidence tending to prove that the fatal shot was not fired by this defendant, but by a co-defendant standing near. This rendered it important that the jury should be correctly in-

structed as to the liability of one who was not a direct actor,. but is claimed to have been present aiding and abetting the criminal act. As an illustration of the principle applicable to the case, the Court said to the jury: " If A and B go upon the piece of property belonging to them jointly, or in which they have a common interest, for a lawful purpose, and whilst engaged in such lawful pursuit, D, with whom A and B have had some quarrel or difficulty, passes by them or goes toward them, and A commands D to hold or he will shoot him, and that B then shoots and kills D under circumstances which would make the killing unlawful, then A and B would be equally guilty of the offense."

This is clearly erroneous. The facts of a previous common quarrel with the deceased, and the command to halt and threat to shoot, do not necessarily import a common criminal intent to kill on the part of the co-defendants. If unaccompanied by other circumstances, they would not necessarily import an intent to kill upon the part of this defendant; for the threat may have been intended for intimidation merely, and without a desire to carry the threat into execution. It would have been sufficient to have said that the jury might consider these circumstances in determining whether this defendant was an aider and abettor in the killing.

Judgment and order reversed and cause remanded for a new trial.

WALLACE, C. J., did not express an opinion in this case.